UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:07-cr-00056 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| PETER KOTT and BRUCE WEYHRAUCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 72, defendant Bruce Weyhrauch moves for an order transferring this case from Anchorage to Juneau. Plaintiff has opposed the motion. Co-defendant Peter Kott has not filed any papers concerning the motion.[1] At docket 77, Weyhrauch moves for oral argument on the motion to transfer at docket 72. The court finds that oral argument would not be of assistance, so the request at docket 77 will be denied.

## II. BACKGROUND

Defendants Kott and Weyhrauch are former members of the Alaska Legislature. Kott represented a state house district in Anchorage. Weyhrauch represented a district in Juneau. The charges against each man relate to their activities as legislators. Some of the events relating to the charges took place in Juneau. Others took place in Anchorage.

---

[1] In an affidavit at docket 74, counsel for Weyhrauch represents Kott's counsel has advised him that Kott does not oppose the motion.

Count 1 of the Indictment charges Kott and Weyhrauch with conspiracy to commit extortion under color of official right, bribery, and honest services mail and wire fraud in violation of 18 U.S.C. 371.[2]  According to the allegations in Count 1, Kott and Weyhrauch conspired with "COMPANY CEO" and "COMPANY VP" and others known and unknown to the grand jury.  It is well known to the parties and to the court that COMPANY CEO is Bill J. Allen and COMPANY VP is Richard L. "Rick" Smith.[3]

The Indictment also charges Kott with interference with commerce by extortion induced under color of official right in violation of 18 U.S.C. § 1951(a),[4] one count of bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(b),[5] and one count of honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346.[6]  In addition to the conspiracy charge, Weyhrauch is charged with one count of attempted interference with commerce by extortion induced under color of official right in violation of 18 U.S.C. § 1951(a)[7], one count of bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(b),[8] and one count of honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346.[9]

All of the charges in this case revolve around the alleged ties between Kott and Weyhrauch on the one hand, and VECO Corporation, its Chief Executive Officer Bill J. Allen, and its Vice President of Community and Government Affairs Richard L. "Rick"

---

[2]Doc. 2, Count 1.

[3]*See* note 10 below.

[4]Doc. 2, Count 2.

[5]*Id.*, Count 4.

[6]*Id.*, Count 6.

[7]*Id.*, Count 3.

[8]*Id.*, Count 5.

[9]*Id.*, Count 7.

Smith, on the other hand.[10] VECO's principal offices are in Anchorage. Allen and Smith have pled guilty to federal felony charges and have been released on bail. They are cooperating with the United States and will testify against Kott and Weyrauch. They reside in Anchorage.

The State of Alaska comprises a single federal judicial district, whose federal trial court is authorized to sit in five cities: Anchorage, Fairbanks, Juneau, Ketchikan, and Nome.[11] All of the district judges and full time magistrate judges of this court maintain chambers in Anchorage, because the overwhelming share of the cases filed in the court are filed in Anchorage.

The government's case will require use of the court's Digital Electronic Presentation System ("DEPS") for efficient presentation of the audio and video evidence to the jury. DEPS also facilitates publication of paper exhibits to the jury. The court anticipates that defendants will also need to use DEPS. There are six courtrooms in the main courthouse in Anchorage,[12] of which three are fully outfitted with DEPS. Experience has shown that during longer trials DEPS requires maintenance and adjustment by the court's IT staff. The entire IT staff is located in Anchorage. There is only one courtroom in Juneau. It has a DEPS unit, but it is seldom used, and there is no back-up DEPS in Juneau. The Clerk has only one part-time employee in Juneau. She does not have the skills needed to adjust the DEPS.

Although it is the state's capital, Juneau may only be reached by air or water. Air travel is the only effective means of transporting witnesses to a trial in Juneau who do

---

[10]The Indictment in this case refers to VECO Corporation as "COMPANY A," to Allen as "COMPANY CEO," and to Smith as "COMPANY VP." However, the true identities are well known to the parties and to the court. See, e.g. the Information and Plea Agreement (including the factual basis, attachment 1 thereto) in Case No. 3:07-cr-057 JWS, USA v. Bill J. Allen and the Information and Plea Agreement (including the factual basis, attachment 1 thereto) in Case No. 3:07-cr-056 JWS, USA v. Smith and compare the Information with the Indictment in this case.

[11]28 U.S.C. § 81A.

[12]The bankruptcy court has its courtrooms in a separate building in Anchorage, and maintains no courtrooms in any other city.

-3-

not reside there.  Similarly, with respect to witness who live Outside or within Alaska but off the road system, air travel is the only means of transportation that is feasible for a trial in Anchorage.  Anchorage has many non-stop flights every day to numerous cities in the "Lower 48."  Juneau has many fewer daily flights to the Lower 48, and some of them require intermediate stops in other Southeast Alaska communities.  The only direct air service to the Lower 48 from Juneau is to Seattle.  According to the Alaska Airlines website, in September there will be three daily non-stop flights each way between Anchorage and Juneau.

Many residents of Juneau read both the Juneau Empire and the Anchorage Daily News.  The Daily News is the only newspaper in Alaska which can claim significant statewide readership.  There has been considerable publicity about this case in both the Empire and the Daily News.  There has also been publicity on television newscasts both in Juneau and in Anchorage.

There has been one recent public corruption case tried in Alaska.  It was *United States v. Anderson.*[13]  That case involved charges similar to those in this case.  The defendant was a well-known former Anchorage legislator who is married to another well-known Anchorage politician who is still serving in the Alaska legislature.  The court was able to select a jury in Anchorage for that case despite substantial pre-trial publicity in the Anchorage Daily News and on the local television stations.

## III.  DISCUSSION

Rule 18 of the Federal Rules of Criminal Procedure provides as follows:

Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed.  The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice.

---

[13]Case No. 3:06-cr-099 JWS.

The Ninth Circuit has recognized that when applying Rule 18, the trial court has broad discretion in deciding where within a judicial district a case should be tried.[14] The court may consider such things as pre-trial publicity, the ease of travel to a particular location, the availability of court facilities, the effect the trial's location may have on the resolution of pending motions in other matters, and so on.[15] The parties assert and the court agrees that where within the district a crime is alleged to have been committed is another factor which should be considered.

Weyhrauch's first argument is that the convenience of defendants favors trial in Juneau. The court agrees. Both defendants presently reside in Juneau. The extent to which Juneau is a favorable location for defendants is diminished to some extent by the fact that all their lawyers reside in Anchorage, although one is a member of a law firm which also has a Juneau office.

Weyrauch next asserts that most of the events which relate to the defendants took place in Juneau. The statement may be numerically accurate, but events involving both Weyrauch and Kott also occurred in Anchorage. The meeting between Weyhrauch, Allen, and Smith at which Weyhrauch allegedly discussed his financial situation and requested work from VECO took place in Anchorage. That meeting appears to the court to be a particularly important event. Three of the four known participants in the alleged conspiracy–Allen, Smith, and Kott–resided in Anchorage at the time of the events in question. There were many communications in which at least one of the participants was in Anchorage. The location of the alleged criminal activity does not favor trial in Juneau.

Weyhrauch also contends that the location of documents and evidence is not a significant factor. In a separate section he asserts that the facilities available in Juneau are adequate. These considerations are closely connected, for as previously noted presentation of the evidence in this case requires use of DEPS. The United States estimates that this trial will last three weeks. The court expects it to last two weeks.

---

[14] *United States v. Scholl*, 964. F.3d 964, 969-70 (9th Cir. 1999).

[15] *Id.*

Case 3:07-cr-00056-JWS   Document 85   Filed 08/01/07   Page 5 of 7

Even in a two-week trial there will be need for maintenance and adjustment of the DEPS as the trial progresses. The absence of IT support in Juneau and lack of a redundant DEPS in Juneau establishes that the interest in efficient presentation of evidence favors trial in Anchorage.

The government will call Allen and Smith, who reside in Anchorage, along with an unspecified number of additional witnesses who reside and work in Anchorage. In addition, the government will call a dozen or more FBI agents who reside in Anchorage and the Lower 48. Weyrauch refers to "potential" witness for the defense, nine of whom live in Juneau. Given these facts and even assuming that the defense will call all nine of its potential Juneau witnesses, this factor weighs in favor of trial in Anchorage. Even were the probability of actually calling all nine of the "potential" Juneau witnesses more certain, Anchorage would be a better location, because it enjoys substantially superior air travel connections.

Weyhrauch contends that pre-trial publicity in Anchorage favors holding the trial in Juneau. This argument is not persuasive. There has been considerable pre-trial publicity in both communities. Moreover, the petite jury pool in Anchorage includes persons who reside throughout Southcentral Alaska, not just Anchorage, while the geographic area covered by the petite jury pool in Juneau is much smaller. It has been the court's experience in general (an experience which was recently confirmed during *voir dire* in *USA v. Anderson*) that residents of outlying communities in Southcentral Alaska often do not follow stories printed in the Daily News and broadcast on Anchorage television stations. Finally, Weyhrauch is much better known in Juneau than he is in Anchorage, which increases the likelihood that people residing in and around Juneau would pay more attention to and remember new stories which involved Weyhrauch, than would folks who reside in Southcentral Alaska.

Other factors relating to the prompt administration of justice also favor holding the trial in Anchorage. First, the need for the court to attend to other matters on its docket, such as changes of plea, impositions of sentence, and arguments in civil cases which the court routinely schedules at 8:00 AM and 8:30 AM before the trial day starts at 9:00 AM favors holding the trial in Anchorage, particularly where the trial is going to

-6-

Case 3:07-cr-00056-JWS    Document 85    Filed 08/01/07    Page 6 of 7

be a lengthy one.  Second, the need to transport court personnel, including a jury clerk, an in-court deputy, and chambers staff to Juneau for the trial also weighs in favor of holding the trial in Anchorage, where such folk would have time to address other matters in addition to being available when needed to assist with the trial.  Third, there is already another criminal felony trial scheduled for Juneau on September 10, 2007, and there is only one courtroom in Juneau.[16]  Finally, the court notes that the United States Attorney and two of the three defense lawyers lack offices in Juneau which impacts their ability to perform efficiently at trial, which risks prolonging the trial.

## IV.  CONCLUSION

In the exercise of its discretion and for the reasons set out above, the court concludes that the trial in this case should be conducted in Anchorage.  The motion at docket 72 is **DENIED** as is the request for oral argument at docket 77.

DATED at Anchorage, Alaska, this 1st day of August 2007.

/s/JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[16] The undersigned is presently scheduled to try that case also.  However, another district judge will be assigned when that becomes necessary.