UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 3:07-cr-00056 JWS |
| vs. | ) | ORDER AND OPINION |
| PETER KOTT and BRUCE WEYHRAUCH, | ) | [RE: Docket Nos. 140 and 162] |
| Defendants. | ) | |

## I. MOTIONS PRESENTED

At docket 140, the United States has filed a motion seeking to admit what it considers to be evidence of prior bad acts committed by defendant Bruce Weyhrauch pursuant to Fed. R. of Evid. 404(b). Weyhrauch seeks to file an opposition under seal, and his motion to file that opposition under seal is at docket 162. After reviewing the motion at docket 140, the court has concluded that no opposition need be filed, because the motion at docket 140 lacks merit for the reasons set out below.

Although the United States filed its motion under seal because it relates at least in part to an on-going investigation, this order will not discuss that investigation, and therefore, it is unnecessary to consider whether it should be sealed.

## II.  DISCUSSION

The court has laid out the background relating to the prosecution of defendants Weyhrauch and Kott in several prior orders.  A reader unfamiliar with the case is directed to those orders.[1]

In the pending motion at docket 140, the United States asks the court to admit evidence of alleged cheating on legislative *per diem* claims by defendant Weyhrauch as prior bad acts evidence relevant to the proof of the three crimes charged against Weyhrauch in the indictment.  In this order, the court takes no position on the merits of the assertion that Weyhrauch executed a scheme to, and did intentionally, file false *per diem* claims.  Rather, the court will simply assume *arguendo* that the United States has evidence which it in good faith believes is probative of such activity by Weyhrauch.

The jurisprudence of Rule 404(b) is well known to counsel ,and the court need not engage in a lengthy explication here.  Suffice it to say briefly, that Rule 404(b) permits the introduction of evidence of prior bad acts by a defendant in a criminal case when that evidence (1) is probative of something other than mere propensity to commit crimes including "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake,"[2] and (2) is not excludable under Rule 403.  Rule 403 provides that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."[3]

Turning first to Rule 404(b), the court notes that the United States proffers the evidence to support intent, motive and lack of mistake.[4]  In the Ninth Circuit, prior bad act evidence is admissible if (1) offered to prove a material point which is in dispute, (2) is not remote in time, (3) is established with evidence sufficient to prove the prior act

---

[1] Docs. 85, 108, and 151.

[2] Fed. R. Evid. 404(b).

[3] Fed. R. Evid. 403.

[4] Doc. 140 at p. 8.

-2-

actually was committed, and (4) where offered to prove intent is similar to the offense charged.[5]  The proffered evidence does appear to meet the first three criteria, but in the estimation of the court, the suggestion that chiseling on *per diem* claims, even if pervasive, is not very similar to the charges here which essentially involve the sale of legislative authority to an outside interest.  Borrowing from a different set of laws, the former might be described as a venal sin, while the latter would be described as a mortal sin.

However, assuming that the evidence survives review under Rule 404(b) with respect to motive, intent and lack of mistake, it still must be scrutinized under Rule 403. In terms of that rule, it is first necessary to consider the probative value of the proffered evidence.  The court finds that the proffered evidence has at most modest probative value with respect to Weyhrauch's motive, intent and lack of mistake.

Concerning both motive and intent, the evidence would, if true, show a propensity to and an intention to engage in low level financial manipulation of rules not familiar to the general public and which can rather easily be manipulated by simple cheating.  This contrasts with a propensity to and an intent to act in concert with a third party to achieve particular legislative goals on issues which were known to be of the greatest public interest and played out on center stage in the legislative process; indeed, in a special session.  An analogy which the court finds apt is this: a taxpayer who is motivated to and intends to cheat on his own tax return is not thus likely to be motivated to join, or intent upon joining, forces with third parties to peddle a fraudulent tax avoidance scheme.

Concerning the absence of mistake, the evidence has little probative value.  One does not mistakenly commit the crimes charged in the indictment.  This is not a situation in which prior conduct has schooled a defendant in the wrongfulness of charged conduct which might otherwise be mistaken for lawful action.

---

[5] *E.g., United States v. Hollis*, 490 F.3d 1149 (9th Cir. 2007).

The next step under Rule 403, is to determine whether the probative value of the evidence is substantially outweighed by any of the factors listed in the rule. If, but only if, it is the evidence will be excluded.

Here, the danger of unfair prejudice from admission of the proffered evidence is high. No taxpayer would be pleased to learn that a legislator had cheated on his *per diem*; indeed, in this state the reaction would be outrage among a very broad swath of the electorate, and it would be an outrage which, if felt initially by even some members of the jury, would be highly contagious. With respect to a legislator, chiseling on *per diem* is precisely the kind of conduct which would tend to support the widely held prejudice that many legislators are entirely corrupt. Thus, many would easily conclude that if a particular legislator is not so far above suspicion as Caesar' wife, he must be guilty of virtually any charge hurled his way. The court concludes that the danger of unfair prejudice does substantially outweigh the probative value of the evidence.

Even if the court errs in its calculus of prejudice, the danger of confusing the issues and misleading the jury also substantially outweighs the probative value of the evidence. What constitutes a wrongful and intentional violation of the legislative *per diem* rules involves proof not just of the rules themselves and the claims made, but of the circumstances surrounding any claim–was it the product of an error or an intentional effort to cheat. The crimes charged against Weyhrauch and Kott in this case are challenging enough. The jury should not be distracted by and tasked with resolving another set of issues

The evidence proffered by the United States in connection with its motion at docket 140 does not survive scrutiny under Rule 403. It will not be admitted.

### III. CONCLUSION

For the reasons above, the motion at docket 140 is **DENIED**. Having denied the motion at docket 140, the motion at docket 162 is **DENIED** as moot.

DATED at Anchorage, Alaska, this 28th day of August 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE