UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 3:07-cr-00056 JWS |
| vs. | ) ) | ORDER AND OPINION |
| PETER KOTT and BRUCE WEYHRAUCH, | ) ) | [Re: Docket No.124 ] |
| Defendants. | ) ) ) | |

**I.  MOTION PRESENTED**

At docket 124, defendant Bruce Weyhrauch moves for an order permitting him to introduce certain evidence.  Weyhrauch's co-defendant, Peter Kott, has not filed any papers concerning the motion.  The United States has filed a partial opposition at docket 147.  The motion papers were filed under seal, but the court finds no reason why this order should be filed under seal.

**II.  BACKGROUND**

Weyhrauch and Kott are former members of the Alaska House of Representatives.  All charges in the Indictment relate to their activities as legislators.  In Count 1, Weyhrauch and Kott are charged with conspiracy to commit extortion under color of official right, bribery, and honest services mail and wire fraud in violation of 18 U.S.C. § 371.  Weyhrauch and Kott allegedly conspired with "COMPANY CEO" and "COMPANY VP," "State Senator A," and others known and unknown to the grand jury.  As explained in earlier orders, COMPANY CEO is Bill J. Allen, COMPANY VP is Richard L. "Rick" Smith, and State Senator A is former State Senator Ben Stevens.

In Count 3, Weyhrauch is charged with attempted interference with commerce by extortion induced under color of official right in violation of 18 U.S.C. § 1951(a). In Count 5 Weyhrauch is charged with bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(b). Finally, in Count 7 he is charged with honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346.

### III.  DISCUSSION

According to the memorandum in support of his motion, the evidence Weyhrauch asks the court to permit him to introduce is the following:

> [E]vidence of his long term commitment to building a gas pipeline in Alaska, his intent in submitting his resume to VECO, and seeking future legal work, that he reasonably believed Allen and Smith knew he was seeking work unrelated to his position and future voting on PPT, and that he believed, after hearing from numerous interested constituents, industry and the administration, that PPT legislation which closely resembled the Governor's bill was most likely to result in a gas pipeline.[1]

In an earlier motion, Weyhrauch asked the court to recognize that introduction of essentially the same evidence in connection with Counts 1, 3, and 7 was required by applicable law, because the charges were dependent on proof that there was a *quid pro quo*.[2] In disposing of that motion, the court explained that the agreement to receive an illegal payment was all that was necessary and so the law did not require admission of such evidence in connection with that aspect of Count 1 concerning conspiracy to violate the Hobbs Act, nor with Count 3 which charges an attempted violation of the Hobbs Act. However, with respect to Count 7 which was sparsely addressed in the briefing, the court expressed "concern that neither party has focused on the fact that an intent to defraud is one of the elements of the mail fraud charge and as such will be one determinant of what evidence is admissible . . . ."[3]

---

[1]Doc. 125 at p. 2.

[2]Doc. 78

[3]Doc. 108 at p. 7.

-2-

In his current motion, Weyhrauch seized the opportunity to argue that the evidence he seeks to introduce is relevant to the intent element of the charge in Count 7. Recognizing that to prove the fraud charge in Count 7, it will have to prove that Weyhrauch intended to deprive the State of Alaska of his honest services, the United States acknowledges that the evidence Weyhrauch would present is admissible, because it would have a tendency to make it less likely that Weyhrauch had the requisite intent.[4] The government hastened to add that to the extent Weyhrauch might attempt to put the evidence on by way of hearsay statements, the government would object. Suffice it to say on that point that the court will enforce Rule 802 of the Federal Rules of Evidence.

In addition to seeking admission of the evidence for purposes of Count 7, Weyhrauch's motion also asks the court to rule that it is admissible with respect to Counts 1, 3, and 5. Recognizing that this aspect of the motion might be viewed in part as a request to reconsider the order at docket 108, the court expressly asked the United States to respond.[5] It is to an analysis of how the evidence might be admissible with respect to those charges that the court now turns its attention.

Relying on precedent from both the Supreme Court and the Ninth Circuit,[6] this court previously held that the United States did not need to prove that Weyhrauch changed his position with respect to how he would vote on the PPT in order prove the Hobbs Act crimes charged. With respect to the evidence of Weyhrauch's position on PPT and the gas pipeline, this court held that under Rule 401, the evidence would be inadmisible, because it "does not shed any light on what Weyhrauch knew about why VECO would offer him legal work."[7]

---

[4]Doc. 147 at p. 2.

[5]Doc. 130.

[6]*Evans v. United States*, 504 U.S. 255, 268 (1992); *United States v. Tucker*, 133 F.3d 1208, 1215 (9th Cir. 1998)

[7]Doc. 108 at p. 6.

-3-

Upon re-examination in light of the present briefing, the court concludes that what was said in the earlier order, although correct based on the issues actually presented by Weyhrauch's original motion, clearly invited an overly broad and unintended reading. It is useful to begin by looking at the elements of the crime charged in Count 3, attempted Hobbs Act extortion under color of official right. It will be recalled that commission of that crime is an alleged object of the conspiracy charged in Count 1.

To prove the Hobbs Act crime charged in Count 3 (and associated with Count 1), the United States would have to establish five elements: (1) Weyhrauch was a public official, (2) Weyhrauch intended to obtain legal work from VECO to which he knew he was not entitled, (3) Weyhrauch knew the legal work would be given in return for his taking an official act, (4) Weyhrauch's actions affected interstate commerce in some way, and (5) Weyhrauch took a substantial step toward obtaining that legal work.[8] It is element (3) to which the evidence in dispute may relate.

As noted in the earlier order, by itself evidence of what Weyhrauch's independent position may have been on PPT and a gas pipeline is not relevant. However, evidence that Allen and/or Smith actually knew of Weyhrauch's independent pro PPT position *and* that Weyhrauch, in turn, knew that Allen and/or Smith was/were aware of that position would be relevant to the third element of the crime. This is so, because such evidence taken as a whole makes it less likely that Weyhrauch knew the legal work he sought would be given in exchange for his efforts to support the PPT. Federal Rule of Evidence 401 requires no more for the admission of the evidence. It may be that under all the facts and circumstances that may emerge at trial such evidence would not be very persuasive, but evidence does not have to be determinative to be relevant. Reasonable doubt, like the government's own case, is built brick by brick.

With respect to Count 5 charging bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(b), the discussion above is equally applicable. This is so, because to prove that crime the government would have to

---

[8]Ninth Circuit Model Criminal Jury Instruction 8.118.

establish that Weyhrauch corruptly sought a thing of value intending to be influenced or rewarded in connection with performance of his duties as an elected public official.[9]

The government's memorandum includes a discourse on the differences between general intent and specific intent crimes. However, there is nothing in that discussion which persuades the court that the government can avoid proving the elements of the crimes as laid out above. That being so, the evidence Weyhrauch seeks to admit–provided it is complete and not a mere isolated assertion that he had his own reasons for supporting PPT–will be admitted at trial.

The court emphasizes that in granting Weyhrauch's motion, it is not opening the door to presentation of isolated evidence of Weyhrauch's pre-existing positions on the PPT or other issues. Rather, evidence of the same may only be admitted on condition that Weyhrauch also presents admissible evidence that Allen and/or Smith had been informed of such positions and that Weyhrauch, in turn, knew that Allen and/or Smith had been so informed.

## IV. CONCLUSION

For the reasons set forth above, and to the extent discussed above, the motion at docket 124 is **GRANTED**.

DATED at Anchorage, Alaska, this 29th day of August 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[9] *United States v. Anderson*, Case No. 3:06-cr-99; Jury Instruction Number 17.